IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MENOMINEE INDIAN TRIBE OF WISCONSIN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:07cv00812 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Rosemary M. Collyer |
| MICHAEL O. LEAVITT, Secretary | ) | |
| of the Department of Health and | ) | |
| Human Services, and CHARLES W. | ) | |
| GRIM, Director of the Indian Health | ) | |
| Service | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR RECONSIDERATION

## INTRODUCTION

This Court has determined that Plaintiff's presentment of its claims well past the six-year

statute of limitations under the Contract Disputes Act ("CDA") warrant their dismissal for lack of

subject matter jurisdiction. This Court has also determined that Plaintiff's claims filed 11 years

after accrual were barred by laches. Rather than accepting these well-founded conclusions of the

Court, Plaintiff has moved for reconsideration arguing, among other things, that it did not have a

full opportunity to present its arguments to the Court. This assertion is flatly belied by the

arguments it originally presented to the Court on these issues, which exceeded 13 written pages,

as well as arguments made by Plaintiff's counsel at oral argument in this case. Now that the

Court has issued its decision, Plaintiff re-hashes arguments that the Court has already rejected.

Plaintiff's motion does not meet the standards necessary to warrant reconsideration of the Court's

decision.

## **LEGAL STANDARDS**

Plaintiff seeks partial reconsideration of the Court's order pursuant to Fed. R. Civ. P.

54(b). The Supreme Court has admonished that "as a rule courts should be loathe to [revisit

prior decisions of its own] in the absence of extraordinary circumstances such as where the initial

decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt*

*Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks and citation

omitted); *see also Keystone Tobacco Co., v. U.S. Tobacco Co.,* 217 F.R.D. 235, 237 (D.D.C.

2003) (quoting *Christianson*, 486 U.S. at 817, and denying Rule 54(b) motion). Thus, this Court

has held that a Rule 54(b) reconsideration motion is appropriate only where "justice requires" it,

se *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005); *Cobell v.*

*Norton*, 355 F. Supp.2d 531, 539 (D.D.C. 2005); *M.K. v. Tenet,* 196 F. Supp. 2d 8, 12 (D.D.C.

2001); *Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C. 2000), such as "when the court has

patently misunderstood a party, has made a decision outside the adversarial issues presented to

the Court by the parties, has made an error not of reasoning but of apprehension, or where a

controlling or significant change in the law or facts [has occurred] since the submission of the

issue to the Court." *Singh*, 383 F. Supp. 2d at 101 (citations and internal quotation marks

omitted). *See also Keystone Tobacco*, 217 F.R.D. at 237 ("In the interests of finality, then, the

Court generally will grant a motion for reconsideration of an interlocutory order only when the

movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not

previously available; or (3) a clear error of law in the first order.") (internal quotations and

citation omitted).

2

"[T]he district court's discretion to reconsider a non-final ruling is . . . subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh*, 383 F. Supp. 2d at 101 (internal quotation marks and citation omitted). *See also Malewicz v. City of Amsterdam*, 517 F. Supp.2d 322, 328 (D.D.C. 2007) ("while the law of the case doctrine does not necessarily apply to interlocutory orders, district courts generally consider the doctrine's underlying rationale when deciding whether to reconsider an earlier decision").

## ARGUMENT

### I.    PLAINTIFF FAILS TO MEET THE LEGAL STANDARD FOR RECONSIDERATION

#### A.    Plaintiff's Motion for Tolling Improperly Re-Argues The Same Issues Decided By The Court

Plaintiff does not assert that there has been an intervening change in the law, or that new evidence exists that would warrant reconsideration of the Court's opinion. Plaintiff also concedes that it presented its claims administratively outside the 6-year time line set forth in the CDA. Plaintiff argues that the Court should toll the statute of limitations for it – the same argument raised in Plaintiff's opposition brief, which the Court fully considered prior to rendering its opinion. Plaintiff does not rely upon a controlling change in the law or facts, nor does it argue that the Court patently misunderstand the issues or make an error of apprehension, in order to warrant reconsideration. *Singh*, 383 F. Supp. 2d at 101. Therefore, Plaintiff's motion must fail in the first instance. "Plaintiffs . . . cannot demonstrate a clear error of law merely by repeating arguments they asserted in their original briefs." *Keystone Tobacco*, 217 F.R.D. at 237. Even if the Court were to consider Plaintiff's re-stated arguments on the merits, it should reject

3

them.

Plaintiff argues that the Court should apply *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974) to allow tolling of the time period to present its claims administratively, which Plaintiff argued to the Court as an initial matter.  *See* Pl.'s Mem. in Support of Mot. for Reconsideration at 4-8 ("Pl's Mem."); Pl.'s Opp. to Mot. to Dismiss (Doc. No. 9) at 30-35 ("Pl.'s Opp.").  Defendants have explained why the Rule 23 tolling of *American Pipe* does not apply to toll the CDA requirement of administrative presentment within 6 years of a claim's accrual.  *See* Defs.' Reply Mem. (Doc. No. 11) at 3-6.   As explained by Defendants, *American Pipe* applied tolling to the requirement of filing a claim with the court – not with meeting mandatory administrative presentment requirements.  *See American Pipe*, 414 U.S. at 552-53; *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351 (1983).  Plaintiff does not seek to toll the CDA's time requirement for filing a claim with the Court, 41 U.S.C. § 609(a); it seeks to toll the CDA's jurisdictional presentment requirement.  41 U.S.C. § 605(a).  Even if some courts follow *American Pipe* to toll certain non-jurisdictional administrative deadlines, Plaintiff was not in a position to take advantage of Rule 23 tolling under *American Pipe* for jurisdictional administrative deadlines because federal court jurisdiction cannot attach until there has been administrative presentment.[1]  *See NuFarm America's Inc. v. United States*, 398 F. Supp. 2d 1338, 1353 (Ct. Int'l Trade 2005); *Founding Church of Scientology v. Director, FBI*, 459 F. Supp. 748,

---

[1]  As Defendants previously explained, while some cases have applied the reasoning of *American Pipe* to toll certain deadlines for administrative filing, they did not involve a mandatory presentment requirement, as exists under the CDA.  *See* Defs.' Reply at 5.

4

756 (D.D.C. 1978).[2]  *See also Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (finding

administrative exhaustion a pre-requisite to jurisdiction under Medicare);  *Lifestar Ambulance*

*Co. v. United States*, 365 F.3d 1293 (11th Cir. 2004) (dismissing claims for lack of subject matter

jurisdiction when plaintiffs filed to exhaust statutorily-mandated exhaustion requirements).

Plaintiff even admits that "presentment as required by § 605 is necessary for court jurisdiction."

Pl.'s Mem. at 3 n.1.  Plaintiff had not presented its claims administratively when the two putative

class actions upon which it seeks to rely for tolling were filed (and in the case of *Cherokee*, after

class certification was denied).  Therefore, they could not have been part of those class actions

because the courts did not have jurisdiction over Plaintiff, and accordingly, Plaintiff cannot rely

on them for Rule 23 tolling.

　　　Plaintiff also argues that equitable tolling should apply, based on the factors set forth in

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).  Pl.'s Mem. at 8-11.  Like its previous

argument, Plaintiff already raised this argument to the Court.  *See* Pl.'s Opp. at 35-41.

Defendants noted that equitable tolling is applied "only sparingly," such as instances where a

litigant has filed a defective pleading during the statutory period or "been induced or tricked by

his adversary's misconduct," *Irwin*, 498 U.S. at 457, none of which apply in this situation.  Prior

---

[2]  Plaintiff attempts to distinguish *Founding Church of Christ Scientology* on the ground that neither the Indian Self-Determination and Education Assistance Act ("ISDEAA") nor the CDA have "restrictive regulations" similar to those governing the FTCA, which "require[] that the claim be presented 'by the injured person' or his authorized representative."  Pl.'s Mem. at 8 n.3.  Contrary to plaintiff's assertion, claims brought under the CDA regarding ISDEAA contracts are also governed by regulations, including the requirement that "[a]n Indian Tribe or Tribal Organization shall submit its claim in writing to the awarding official."  25 C.F.R. § 900.219. *See also* 41 U.S.C. § 605(a) ("All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision. . . . Each claim . . . shall be submitted within 6 years after the accrual of the claim.").

to 1992, the Court of Claims held that equitable tolling doctrines did not apply to the time limits

in the CDA. *See Computer Prods. Int'l, Inc. v. United States*, 26 Cl. Ct. 518, 525 (1992);

*Krueger v. United States*, 26 Cl. Ct. 841, 844 (1992); *Borough of Alpine v. United States*, 923

F.2d 170, 172 (Fed. Cir. 1991); *Gregory Lumber Co. v. United States*, 229 Ct. Cl. 762 (1982).

Since the Supreme Court's decision in *Irwin*, which held that equitable tolling may in very

limited circumstances apply to toll statutes of limitation applicable to claims against the United

States, the Federal Circuit has not reversed course, but has held that even if the CDA's time

limits could be tolled, the facts of the particular case before it did not merit tolling. *See, e.g.,*

*Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1238-39 (Fed. Cir. 2002)

(finding no duress or coercion on the part of the government to warrant consideration of

equitable tolling); *Bonneville Assocs., Ltd. P'ship v. Barram*, 165 F.3d 1360, 1365-66 (Fed. Cir.

1999) (finding consideration of equitable tolling unwarranted because claimant failed to protect

his rights and there was no government misconduct).  Defendants further explained that Plaintiff

cannot succeed in its equitable tolling argument based on the *Irwin* factors, and Defendants

incorporate the arguments raised in their reply memorandum.  Defs.' Reply at 9-12.  Nothing

Plaintiff argues in its motion for reconsideration persuasively refutes these arguments or warrants

a new decision.  Plaintiff alleges that, because "*Irwin* is still good law and that 41 U.S.C. § 605

has never been interpreted by the Supreme Court to permit or deny tolling," the Court should

"freshly analyze" Plaintiff's equitable tolling argument.  Pl.'s Mem. at 11.   These reasons are

woefully inadequate to warrant reconsideration of the Court's decision under the applicable

standards, as they do not point to new evidence or new law, nor do they point out a clear error of

law in the Court's initial decision.  *See Singh*, 383 F. Supp. 2d at 101, *Keystone Tobacco*, 217

F.R.D. at 237.  In fact, the only case law issued subsequent to the parties' initial briefing on this subject is *John R. Sand and Gravel Co. v. United States*, __ U.S. __, 128 S. Ct. 750 (2008), which undercuts Plaintiff's position.  In that case, The Court determined that the jurisdictional statute of limitations of filing a lawsuit in the Court of Federal Claims was not susceptible to equitable tolling, notwithstanding the fact that the government did not raise the tolling argument. *Id.* at 753-54.  In so doing, the Court stated that, it has "often read the time limits of [jurisdictional] statutes [of limitation] as more absolute."  *Id.* at 753.

While it did not cite this case initially, Plaintiff now heavily relies on *Kirkendall v. Dep't of the Army*, 479 F.3d 830 (Fed. Cir. 2007) to support its equitable tolling claim.  Pl.'s Mem. at 9-10.  Because this case was issued prior to Plaintiff's initial brief, and because Plaintiff chose not to rely on the case initially, it is improper for Plaintiff to argue that this case supports it position on reconsideration.  *See Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (explaining that a motion for reconsideration "is not . . . a means to bring before the Court theories or arguments that could have been advanced earlier").  In any event, *Kirkendall* does not support Plaintiff's argument for equitable tolling.  The *Kirdendall* court concluded that the Veterans Opportunity Employment Act, an employment discrimination statute, should be subject to equitable tolling under *Irwin*, using the factors in *United States v. Brockcamp*, 519 U.S. 347, 352 (1997).  *Kirkendall*, 479 F.3d at 836-37.  Defendants have already explained why the *Brockcamp* factors do not warrant equitable tolling in this case.  *See* Defs.' Reply at 10-12.  Unlike the situation here, the plaintiff in *Kirkendall* was a 100% disabled veteran, suffering from organic brain syndrome, *Kirkendall*, 479 F.3d at 834, who claimed that his failure to meet the required deadlines was due to mental incapacity caused by his disability.

7

*Id.* at 873 ("in this case the appellant urges that he was disabled from filing an appeal because of mental incapacity").  Furthermore, Plaintiff fails to provide any support for its suggestion that the *Kirkendall* court's reliance on "the canon that veterans' benefit statutes must be construed in favor of veterans" requires application of "a closely analogous rule of construction" in the ISDEAA and the CDA.  Pl.'s Mem. at 10.  To the contrary, the Court of Federal Claims recently reaffirmed that Indian tribes are to be treated as any other litigant with respect to statutes of limitations.  "[S]tatutes of limitations are to be applied against the claims of Indian tribes in the same manner as against any other litigant seeking legal redress or relief from the government." *Rosebud Sioux Tribe v. United States*, 75 Fed. Cl. 15, 23 (2007) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576 (Fed. Cir.1988)).

Plaintiff's final argument in favor of tolling is that it acted reasonably in relying on the *Cherokee* class action for tolling.[3]  Pl.'s Mem. at 11-16.  Plaintiff raised this argument in its initial briefing, Pl.'s Opp. at 32-34, and at oral argument.  *See* Transcript of Motions Hearing, March 11, 2008, at 36-42.  As Defendants previously explained, Plaintiff could not reasonably rely on the *Cherokee* class action, as Plaintiff had not met the mandatory presentment requirements to be a member of that putative class.  *See* Defs.' Reply at 6.  Plaintiff now argues that Defendants are estopped from asserting that administrative presentment is needed to be a class member, since the government argued in *Cherokee* that those with separate administrative actions should be excluded from the *Cherokee* class.  Pl.'s Mem. at 11-12.  *See also Cherokee*

---

[3]  Plaintiff does not re-argue why tolling should apply due to the *Zuni* case, and Defendants previously explained the various reasons why there should be no tolling based on *Zuni*.  *See* Defs.' Reply Mem. at 6-9.  Even if Plaintiff could receive tolling for *Cherokee*, Plaintiff's claims for 1996 are still untimely.

*Nation v. United States*, 199 F.R.D. 357, 362 (E.D. Okla. 2001) ("defendants argue that plaintiffs

fail to exclude tribes that are litigating or have litigated cases in other judicial or administrative

forums"). One reason to deny nationwide class certification is the pendency of similar actions

elsewhere. The fact the IHS raised this argument to oppose class certification in *Cherokee* does

not indicate that IHS was foregoing the presentment requirement; it merely indicates that the

pendency of other claims was one reason for denying the motion for class certification. The

government's position in *Cherokee* is not inconsistent with its position here. Administrative

presentment is not the same as litigating claims in a separate forum; it is simply the act of

notifying the contracting officer of a potential claim. Once the contracting officer issues a

decision on that claim, the contractor may elect to appeal the decision either to a Federal court or

to an administrative board. A contractor need not take the extra litigation steps if it wishes to rely

on others bringing class actions. However, once a contractor elects to litigate its own claims, it is

axiomatic that they cannot be a member of a class action, in addition to vindicating its individual

rights. Those entities that chose to litigate on their own could not have been a member of the

*Cherokee* class; those who presented their claim to the contracting officer and did *not* litigate the

issue on their own could, at least presumptively, be in the putative class in *Cherokee*.

Plaintiff also attempts to use the unpublished decision of *Ramah Navajo Chapter v. Lujan*

from the District of New Mexico to support its contention that its belief that the *Cherokee* class

action could toll its claims was reasonable. In that case, which involved a class of tribes with

contracts with the Bureau of Indian Affairs (not IHS), the court concluded that exhaustion of

administrative remedies would have been futile due to BIA policies. *See* Pl.'s Ex. A at 4.

Plaintiff cannot use the unrelated circumstances of one case brought against a different agency

9

under a prior version of the CDA in an attempt to bolster its reliance on tolling under *Cherokee*.

The decision did not address tolling of the presentment deadline because the CDA did not

contain a presentment deadline at that time.  In any event, the court in *Ramah* erred because, as a

matter of law, futility is not an exception to CDA exhaustion.[4]  *See e.g. Thoen v. United States*,

765 F.2d 1110, 1116 (Fed. Cir. 1985) (rejecting contractor's argument that presentment could be

excused because submission of CDA claim would be futile); *Borough of Alpine*, 923 F.2d at 172

(refusing to read exceptions or tolling provisions into the CDA that Congress did not authorize);

*Made in the U.S.A. Found. v. United States*, 51 Fed. Cl. 252, 255-56 (2001) (refusing to excuse

on futility grounds the failure to present a claim).  Even the District of New Mexico later

questioned the futility analysis in *Ramah* and recognized that the unpublished decision is not

binding precedent on claims against IHS.  *Pueblo of Zuni v. United States*, 467 F. Supp. 2d 1099,

1113 (D.N.M. 2006).  Had Plaintiff wanted to protect its rights, it had ample opportunity (6

years) to notify the contracting official of its dispute, and it chose not to do so.

      **B.     Plaintiff Cannot Rely on the Court's Citation of NuFarm for Reconsideration**

      Plaintiff relies heavily of the Court's citation to *NuFarm Am., Inc. v. United States*, 398

F. Supp. 2d 1338 (Ct. Int'l Trade 2005) as a reason to warrant reconsideration.  Plaintiff argues

that it previously did not have the opportunity to respond to Defendants' citation of this case in

its reply memorandum, and it wishes to do so now.  Pl.'s Mem. at 3.  This reasoning is entirely

unpersuasive.  It was *Plaintiff* that raised the issue of tolling in its opposition memorandum –

Defendants first had the opportunity to respond to this argument in its reply memorandum, and

---

[4]  Moreover, the court in *Ramah* provided no support for its conclusion that exhaustion of
Ramah's claims would have been futile.

appropriately cited *NuFarm* therein, as the case is directly on point to the tolling issue to be decided before the Court. The court in *NuFarm* distinguished *American Pipe* and *Crown, Cork & Seal* from a situation where potential class members had "not taken the preliminary step of exhausting their administrative remedy." 398 F. Supp. 2d at 1353. It found that, without this step being taken, the court was unable to exercise jurisdiction over the plaintiff's claims. *Id.* *NuFarm* was decided in 2005 – years before Plaintiff filed its original memorandum regarding tolling, and Plaintiff had the full opportunity to address that case as part of its original memorandum to the Court. Instead, Plaintiff chose not to cite *NuFarm,* which runs contrary to the arguments proffered in its original briefing, did not seek supplemental briefing on the topic, and did not raise the issue at oral argument. Plaintiff offers no authority for the proposition that a case citation in a reply brief that addresses an argument raised by opposing counsel warrants reconsideration of a Court's opinion. It certainly cannot be based on new law, as the *NuFarm* case from 2005 is clearly not "new law" that would warrant reconsideration. Moreover, Defendants' arguments against Plaintiff's claim for tolling of the presentment requirement, while referring to *NuFarm*, did not rely exclusively on that case. *See* Defs.' Reply at 2-12.

   **C.     Plaintiff's Motion With Respect to Laches Improperly Re-Argues the Same
           Issues That Were Before the Court**

   Plaintiff also seeks reconsideration of the Court's decision that found laches to apply to Plaintiff's claims from 1995, arguing that the 11-year time delay was reasonable and that Defendants were not prejudiced by the delay. Pl.'s Mem. at 16-19. Defendants argued that laches should apply due to the lengthy period of time it took for Plaintiff to present its claims administratively (almost double the current statute of limitations period), and the prejudice that

11

would exist for Plaintiff's claim to advance at this late date. *See* Def.'s Mem. in Support of its

Mot. to Dismiss at 8-11; Defs.' Reply at 12-13. In addition to the unduly lengthy delay in

presenting its 1995 claims, Plaintiff's actions prejudiced IHS since its appropriation for that year

has long since expired. Plaintiff concedes that the CDA requires IHS to repay the Judgment

Fund. Pl.'s Mem. at 18. Any such repayment would deprive other tribes and programs of needed

funds from IHS. IHS is "not required to reduce funding for programs, projects or activities

serving a tribe to make funds available to another tribe or tribal organization" under the

ISDEAA. *Id.* § 450j-1(b). In addition, IHS cannot reduce preexisting self-determination contract

funding levels for tribes in subsequent years, subject to specific exceptions. 25 U.S.C. § 450j-

1(b)(2). IHS is required to follow these statutory provisions in determining how much of its

appropriation to use to pay contract support costs ("CSC").[5]

Because the issue of laches was fully argued before the Court in the first instance, and

because Plaintiff does not point to any intervening change in the law,[6] discovery of new evidence

not previously available, or clear error of law in the Court's opinion, reconsideration is not

warranted. *See Keystone Tobacco*, 217 F.R.D. at 237-38 (denying motion for reconsideration

when these requirements were not met); *see also Singh*, 383 F. Supp. 2d at 101 (noting that

---

[5] Thus, even in the absence of a statutory cap on CSC funds, when IHS does not provide full CSC because its general appropriation is limited, it is not "negotiat[ing] hard." Mem. Op. at 4. Instead, it is balancing the needs of other contracting and non-contracting tribes as it is required to do by statute and using the money to meet other important health care needs of Native Americans.

[6] Plaintiff currently argues that *Solow v. United States*, 78 Fed. Cl. 86 (2007) supports its laches argument. Pl.'s Mem. at 11. This case is distinguishable, as the court in *Solow* denied the laches defense only after determining that equitable tolling under *Irwin* was applicable to the plaintiffs' claims and that the plaintiffs were "reasonable" in awaiting resolution of the class action that tolled their claims. *Id.* at 89.

reconsideration is justified where a court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error . . . of apprehension or where a controlling or significant change of law or facts [has occurred] since the submission of the issue to the Court").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration should be denied.

Dated: April 7, 2008                               Respectfully submitted,

                                                    JEFFREY S. BUCHOLTZ
                                                    Acting Assistant Attorney General

                                                    JEFFREY A. TAYLOR
                                                    United States Attorney

                                                    SHEILA M. LIEBER
Of Counsel:                                         Deputy Branch Director

MARIAN C. NEALON                                    ____/s/ Tamara Ulrich_____
CLAIRE D. DE CHAZAL                                 TAMARA ULRICH (NY Bar)
Assistant Regional Counsel                          Trial Attorney
U.S. Department of Health and                       U.S. Department of Justice, Civil Division
   Human Services                                   Federal Programs Branch
Office of General Counsel, Region V                 20 Massachusetts Ave., N.W.
233 North Michigan Avenue - Suite 700               P.O. Box 883
Chicago, IL 60601                                   Washington, D.C.  20044
voice: (312) 886-1693                               voice: (202) 305-1432
fax: (312) 886-1718                                 fax: (202) 616-8470

                                                    Attorneys for Defendants