UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MENOMINEE INDIAN TRIBE**<br>**OF WISCONSIN,**<br><br>PLAINTIFF,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br>**MICHAEL O. LEAVITT**, Secretary of the<br>Department of Health & Human Services, and<br>**CHARLES W. GRIM**, Director of the<br>Indian Health Service,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:07cv00812<br><br>Hon. Rosemary M. Collyer |

**PLAINTIFF'S REPLY TO OPPOSITION TO**
**MOTION FOR PARTIAL RECONSIDERATION**

The United States opposes the Tribe's motion for partial reconsideration largely on the ground that the Tribe fails to meet the procedural test required for Rule 54(b). *See* Opposition Brief, p. 2.

The Government relies primarily on *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). While some courts have cited to this case for the proposition that a motion for reconsideration of an interlocutory order should be granted on very narrow grounds of an intervening change in law, new evidence or a clear error, this appears to be a situation where a case has been cited repeatedly and in the process the original meaning of the quotation eventually has been lost.

In fact, the Supreme Court's ruling in the *Christianson* case addressed the conflict between two courts of appeals and the jurisdiction of either over a particular case. The

quotation appears in the discussion of the law of the case doctrine and whether one Court of Appeals could revisit the ruling of another. The full quotation is:

> "[T]he law-of-the-case doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power. A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe todo so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."

486 U.S. at 817. (Internal citations and quotation marks omitted).

Typically (and more appropriately) a motion for reconsideration under Rule 54(b) is governed by a much more flexible standard than that set out in the *Christianson* case. As explained by Judge Walton in detail in *Lemmons v. Georgetown University Hospital*, 241 F.R.D. 15, 21 (D.D.C. 2007), "motions for reconsideration of interlocutory orders are within the discretion of the trial court and may be entered as justice requires" (internal citations and quotation marks omitted). The courts have more "flexibility" in applying Rule 54(b), and may consider whether a party has been misunderstood, whether the decision is outside of the issues presented to the Court, or the court has made an error of apprehension. *Id.* at 22. In contrast, the tests set forth in the *Christianson* case are identical to those that apply to a motion to alter a judgment under Rules 59 or 60, and in that instance, reconsideration of a previous order is "an extraordinary measure." *Id.*

Accordingly, the government's reliance on the *Christianson* case as reflecting the test that the court should apply to the Tribe's motion for reconsideration is misplaced because that test does not apply to Rule 54(b) motions. We have argued that reconsideration is proper here and fits within the correct test because the Court did make an error when it relied on *NuFarm*, a case that is based on unsupported and faulty reasoning. If this court had the full analysis of the case and the argument, as we have presented in our motion to reconsider, the

2

court may have approached that case with a bit more skepticism. During the briefing that took place in this case, when we prepared our opposition, we could only answer the arguments raised by the Government in its opening brief. Certainly it would not be reasonable to assume that we could anticipate what arguments or cases may or may not be raised by the Government in its reply and seek to respond to arguments or cases the Government never raised. It could be argued that perhaps we should have filed a rebuttal brief addressing all of the new cases and arguments made in the reply, but we reasonably expected to address the counterarguments to these reply points during the oral argument. We did not have that opportunity. During the oral argument the Court made it clear that it wanted to limit argument to those issues that had caused some confusion and we respected the Court's wishes.

The government is also wrong that the Tribe's motion for reconsideration is a rehash of arguments already made. The entire thrust of the motion is to squarely address the *NuFarm* case, which we believe is contrary to Supreme Court law and the rules and policies of federal procedure as applied to class actions. Nowhere in previous pleadings were these arguments pulled together and analyzed in the context of the *Nufarm* case. Tellingly, the Government does not try to address our analysis as to why the *NuFarm* case is contrary to applicable law. Rather the Government argues that the case was decided in 2005 and is not "new law." As we explain above, that is not the test for reconsideration under Rule 54(b).

As for the laches argument, the Tribe believes that this court should be aware of the fact that the Government's contention that funds are not available to pay damages is simply not factually correct. The case we brought forward, *Susanville,* a decision by the Department of Health and Human Services Appeals Board, clearly explains why this is so.

3

We respectfully request that the Court reconsider its decision, as it has the power to do, and which is in the interest of justice.

Respectfully Submitted,

_____/s/_____
F. Michael Willis (D.C. Bar No. 467462)

_____/s/_____
Geoffrey Strommer

HOBBS, STRAUS, DEAN & WALKER, LLP
2120 L Street, NW, Suite 700
Washington, DC  20037
202-822-8282 (Tel.)
202-296-8834 (Fax)

Attorneys for the Menominee Indian Tribe
of Wisconsin

Of Counsel
Marsha K. Schmidt
Hobbs Straus Dean & Walker, LLP

DATED: April 11, 2008.

4