UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| MENOMINEE INDIAN TRIBE OF WISCONSIN, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 07-812 (RMC) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Plaintiff Menominee Indian Tribe of Wisconsin's Motion for Partial Reconsideration of the Court's March 14, 2008 Memorandum Opinion and Order. The Menominee Indian Tribe of Wisconsin (the "Tribe") requests that the Court reconsider the portions of its Order dismissing the Tribe's claims for years 1995-1998. The Motion will be denied.

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Revision may be permitted when the Court has

> patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.

*Singh*, 383 F. Supp. 2d at 101 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003).

The Tribe argues that it did not have a full opportunity to present its arguments regarding claims for 1996-1998 funding to the Court and that the Court's reliance on *NuFarm Am., Inc. v. United States*, 398 F. Supp. 2d 1338 (Ct. Int'l Trade 2005) was misplaced. The Tribe also argues that the Court's finding that laches barred the claim for 1995 funding was incorrect.

### A.     Claims Related to 1996-1998 Funding are Time-Barred

The Tribe relies heavily on the Court's citation to *NuFarm* as a basis for reconsideration. The Tribe first argues that it did not have the opportunity to respond to Defendants' citation to this case because Defendants first cited it in their reply memorandum. *See* Pl.'s Mem. in Supp. of Mot. for Partial Recons. ("Pl.'s Mem.") at 3. This argument is unpersuasive. The Tribe itself raised the issue of tolling in its opposition memorandum to Defendants' motion to dismiss, and Defendants first had an opportunity to respond to the Tribe's argument in their reply memorandum. The case law and information now proffered by the Tribe is not "new information" within the meaning of Rule 54(b) because it was known and available to the Tribe when it filed its opposition. *Keystone Tobacco*, 217 F.R.D. at 237.

The Tribe's argument that the Court improperly relied on the merits of *NuFarm* also fails. It argues that the Court should have applied *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), to allow tolling of the statute of limitations for presenting administrative claims.

However, *American Pipe* applies to the tolling of the presentment requirement to the court – not to meeting mandatory administrative presentment requirements. *See American Pipe*, 414 U.S. at 552-53; *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351 (1983). After consideration of the parties' arguments in the briefs and at the hearing, and after consideration of the relevant case law, the Court ruled that tolling did not apply to the 1996-1998 claims. Administrative presentment to a contracting officer is a mandatory jurisdictional requirement and was not timely performed by the Tribe.

      **B.**    **Claims Related to 1995 CSC Funding are Barred by Laches**

The Tribe also seeks reconsideration of the Court's decision that laches bar the Tribe's claims related to 1995 funding, arguing that the 11-year time delay was reasonable and that Defendants were not prejudiced by the delay. Pl.'s Mem. at 16-19. The issue of laches was fully argued before the Court in the first instance and the Tribe points to no intervening change in the law, discovery of new evidence, or clear error of law in the Court's opinion. *See Singh*, 383 F. Supp. 2d at 101. Accordingly, it is hereby

**ORDERED** that the Tribe's Motion for Reconsideration of the Court's March 14, 2008 Memorandum Opinion and Order [Dkt. # 16] is **DENIED**.

      **SO ORDERED**.

                        _____/s/_____
                        ROSEMARY M. COLLYER
                        United States District Judge

Date: April 30, 2008