IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MENOMINEE INDIAN TRIBE OF WISCONSIN,       ) | |
|             ) | |
|             ) | |

MENOMINEE INDIAN TRIBE
OF WISCONSIN,                           )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )          Case Number: 1:07cv00812
                                       )
UNITED STATES OF AMERICA,              )          Hon. Rosemary M. Collyer
*et al.*                               )
                                       )
                    Defendants.        )
                                       )

**ANSWER**

Defendants, by and through undersigned counsel, answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over some of Plaintiff's claims because they are barred by the statute of limitations.

**SECOND DEFENSE**

Some of Plaintiff's claims are barred by laches.

**THIRD DEFENSE**

Some of Plaintiff's claims are barred by release.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over Defendants United States and Charles W. Grim because there is no applicable waiver of sovereign immunity.

**FIFTH DEFENSE**

In fiscal years (FYs) 1998-2004 Congress capped the amounts available to the Indian

Health Service to pay contract support costs.

## SIXTH DEFENSE

Plaintiff waived its claims for funding for contract support costs above the amounts agreed to in the contracts at issue.

## SEVENTH DEFENSE

Plaintiff is estopped from seeking funding for contract support costs above the amounts agreed to in the contracts at issue.

## EIGHTH DEFENSE

For each of the contracts at issue, IHS delivered and Plaintiff accepted and received from IHS the amount of contract support costs agreed to in the contracts in full satisfaction of its claims.

## NINTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

In answer to the individually numbered paragraphs of the Complaint, Defendants state as follows:

## INTRODUCTION AND SUMMARY

1.      The first sentence contains Plaintiff's characterization of this action to which no response is required, but insofar as one is deemed required, is denied.   The second sentence is admitted.

2.      Defendants deny the first and third sentences of this paragraph.  The second sentence contains Plaintiff's characterization of the Indian Self-Determination and Education Assistance Act (ISDEAA), to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to the ISDEAA for an accurate

and complete statement of its contents.

3.    Defendants deny the first, second and fourth sentences of this paragraph. The third and fifth sentences are Plaintiff's characterization of its claims to which no response is required, but insofar as one is deemed required, are denied.

4.    This paragraph contains Plaintiff's characterization of *Cherokee Nation v. Leavitt,* 543 U.S. 631 (2005), to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to the case for an accurate and complete statement of its contents. Defendants deny all other allegations in this paragraph.

5.    This paragraph contains Plaintiff's characterization of *Ramah Navajo Chapter v. Lujan,* 112 F.3d 1455 (10th Cir. 1997), to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to the case for an accurate and complete statement of its contents. Defendants deny all other allegations in this paragraph.

6.    The first sentence of this paragraph contain Plaintiff's characterization of its claim to which no response is required, but insofar as one is deemed required, is denied. No response is required to the second sentence of this paragraph because Plaintiff's claims for Contract Years 1995, 1996 and 1997 have been dismissed, but insofar as one is deemed required, is denied. The third sentence of this paragraph contains Plaintiff's conclusions of law to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to  PL 105-83, 111 Stat. 1543, 1583 (Fiscal Year 1998 Appropriations Act), PL 105-277, 112 Stat. 2681, 2681-279 (Fiscal Year 1999 Appropriations Act), PL 106-113, 113 Stat. 1501, 1501A-182 (Fiscal Year 2000 Appropriations Act), PL 106-291, 114 Stat. 922, 978-79 (Fiscal Year 2001 Appropriations Act), PL 107-63, 115 Stat. 414, 456 (Fiscal Year 2002 Appropriations

Act), PL 108-7, 117 Stat. 11, 261 (Fiscal Year 2003 Appropriations Act), and PL 108-108, 117

Stat. 1241, 1293 (Fiscal Year 2004 Appropriations Act), for an accurate and complete statement

of their contents.  Defendants deny the fourth sentence of this paragraph.

## JURISDICTION AND VENUE

7.      This paragraph contains allegations regarding the jurisdiction of this Court to

which no response is required.

8.      Admitted as to CY 1995-2000.  Denied as to CY 2001-2004

9.      Defendants admit the first sentence of this paragraph.  Defendants lack sufficient

information to admit or deny the allegation regarding the date on which the Tribe received the

contracting officer's letters dated April 28, 2006.  Defendant denies the third sentence of this

paragraph.

## PARTIES

10.      Defendants admit the first two sentences of this paragraph.  The third sentence is

denied, except to admit that IHS has entered into Contract Nos. 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, 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 and

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 and annual funding agreements with the Tribe.

11.      Defendants admit that the United States of America is a party to Contract Nos.

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, 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 and 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 with the Tribe.  The remaining allegations of this

paragraph are denied.

12.      The first sentence of this paragraph contains Plaintiff's conclusions of law to

which no response is required, but insofar as one is deemed required, is denied, except that

Defendants admit that Defendant Michael O. Leavitt is the Secretary of Health and Human

Services.  Defendants deny the second sentence of this paragraph because there are no

individually named *plaintiffs* sued in this action.

13.     Defendant denies that Charles W. Grim is the Director of the IHS, except to admit that the Director of the IHS is Robert G. McSwain and thus substitutes for him in this action pursuant to Federal Rules of Civil Procedure, Rule 25(d).  Defendant admits that IHS is an agency within the Department of Health and Human Services and that the Agency is responsible for providing federal health services to American Indians and Alaska Natives and implementing relevant statutes, including the ISDEAA.  The remaining allegations of this paragraph contain Plaintiff's conclusions of law to which no response is required, but insofar as one is deemed required, are denied.

## STATEMENT OF FACTS
### The ISDEAA

14.     Plaintiff's claims for CYs 1995-1998 have been dismissed.  As a result, the only years at issue in this case are CYs 1999-2004.  With this qualification, the allegations of this paragraph are admitted.

15.     This paragraph contains Plaintiff's description and characterization of the ISDEAA, to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to the ISDEAA for an accurate and complete statement of its contents.

16.     This paragraph contains Plaintiff's characterization of the ISDEAA, to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to the ISDEAA for an accurate and complete statement of its contents.

17.     The first sentence of this paragraph is Plaintiff's characterization of its claims to which no response is required, but insofar as one is deemed required, is denied.  The second sentence is Plaintiff's characterization of IHS Circular 96-04, to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to

IHS Circular 96-04 for an accurate and complete statement of its contents.

18.     This paragraph is denied.  The Court is respectfully referred to IHS Circular 96-04 for an accurate and complete statement of its contents.

19.     This paragraph contains Plaintiff's characterization of the ISDEAA, to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to the ISDEAA for an accurate and complete statement of its contents.

20.     Defendants admit that the model agreement, 25 U.S.C. § 450k, was used as a basis of the contracts entered into between the IHS and the Tribe.  The remaining allegations are Plaintiff's conclusions of law, to which no response is required, but insofar as one is deemed required, are denied, except that the Court is respectfully referred to the ISDEAA for an accurate and complete statement of its contents.

21.     This paragraph is Plaintiff's characterization of IHS Circular 96-04, to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to IHS Circular 96-04 for an accurate and complete statement of its contents.

## The Shortfall Claims

22.     This paragraph contains Plaintiff's characterization of the ISDEAA, to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to that Act for an accurate and complete statement of its contents.

23.     Denied.

24.     This paragraph contains Plaintiff's conclusions of law regarding *Cherokee Nation v. Leavitt,* 543 U.S. 631, 642-43 (2005), to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to the case for an accurate and complete statement of its contents.

25.     Denied.

## The Miscalculation Claims

26.     The first sentence is denied, except to admit that Menominee, as well as most, but not all, Tribes and Tribal Organizations, in carrying out ISDEAA contracts did enter Indirect Cost Negotiation Agreements with the U.S. Department of Interior's ("DOI") Office of Inspector General ("OIG") for Contract Years 1999 through 2002, and with DOI's National Business Center ("NBC") for Contract Years 2003 and 2004. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence. The third and fourth sentences of this paragraph are denied. The fifth sentence is Plaintiff's characterization of its claim, to which no response is required, but insofar as one is deemed required, is denied.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence, and therefore denies those allegations. The second through fifth sentences of this paragraph contain either facts about which Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, or conclusions of law to which no response is required, but insofar as one is deemed required, are denied.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence, and therefore denies those allegations. The second sentence of this paragraph is denied.

29.     Defendants deny the first sentence of this paragraph. The second sentence contains Plaintiff's conclusions of law to which no response is required, but insofar as one is deemed required, is denied, and the Court is respectfully referred to *Ramah Navajo Chapter v.*

*Lujan,* 112 F.3d 1455 (10th Cir. 1997), for an accurate and complete statement of its contents.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

**Stable-Funding Rule**

34.    This paragraph contains Plaintiff's characterizations of its claims and conclusions of law to which no response is required, but insofar as one is deemed required, is denied.

35.    The first sentence of this paragraph contains Plaintiff's conclusions of law to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to PL 105-277, 112 Stat. 2681, 2681-279 (Fiscal Year 1999 Appropriations Act); PL 106-113, 113 Stat. 1501, 1501A-182 (Fiscal Year 2000 Appropriations Act); PL 106-291, 114 Stat. 922, 978-79 (Fiscal Year 2001 Appropriations Act); PL 107-63, 115 Stat. 414, 456 (Fiscal Year 2002 Appropriations Act); PL 108-7, 117 Stat. 11, 261 (Fiscal Year 2003 Appropriations Act); PL 108-108, 117 Stat. 1241, 1293 (Fiscal Year 2004 Appropriations Act),  for an accurate and complete statement of their contents.  The second sentence of this paragraph is denied.

36.    This paragraph contains Plaintiff's conclusions of law to which no response is required, but insofar as one is deemed required, is denied, except that the Court is respectfully referred to the ISDEAA for an accurate and complete statement of its contents.

## FIRST CLAIM FOR RELIEF
### Breach of Contract — Shortfall

37.    Defendants incorporate their responses to all prior allegations.

38.    Plaintiff's complaint does not contain a paragraph numbered 38.

39.     No response is required to this paragraph because Plaintiff's claims for Contract Years 1995, 1996 and 1997 have been dismissed.

40.     This paragraph contains conclusions of law to which no response is required, but insofar as one is deemed required, is denied.

41.     Denied.

## SECOND CLAIM FOR RELIEF
### Breach of Contract – Miscalculation Claim

42.     Defendants incorporate their responses to all prior allegations.

43.     Denied.

44.     Denied.

## THIRD CLAIM FOR RELIEF
### Breach of Contract - Stable Funding

45.     Defendants incorporate their responses to all prior allegations.

46.     This paragraph contains conclusions of law to which no response is required, but insofar as one is deemed required, is denied.

## FOURTH CLAIM FOR RELIEF
### Breach of Trust

47.     Defendants incorporate their responses to all prior allegations.

48.     The first sentence of this paragraph contains conclusions of law to which no response is required, but insofar as one is deemed required, is denied.   The second sentence of this paragraph is denied.

49.     This paragraph contains conclusions of law to which no response is required, but insofar as one is deemed required, is denied.

50.     Denied.

The remainder of the Complaint sets forth Plaintiff's prayer for relief to which no

response is required, but insofar as a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

Defendants hereby deny all allegations of fact in the Complaint that are not specifically responded to above.

Wherefore, having fully answered, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice.

Dated: May 15, 2008                     Respectfully submitted,

                                        GREGORY G. KATSAS
                                        Assistant Attorney General

Of Counsel:

                                        JEFFREY A. TAYLOR
THOMAS BARKER                           United States Attorney
Acting General Counsel

                                        SHEILA M. LIEBER
ALAN S.DORN                             Deputy Branch Director
Chief Counsel, Region V

                                            /s/ Tamara Ulrich
MARIAN C. NEALON                        TAMARA ULRICH (NY Bar)
CLAIRE D. DE CHAZAL                     Trial Attorney
Assistant Regional Counsel              U.S. Department of Justice, Civil Division
U.S. Department of Health and           Federal Programs Branch
    Human Services                      20 Massachusetts Ave., N.W.
Office of General Counsel, Region V     P.O. Box 883
233 North Michigan Avenue - Suite 700   Washington, D.C.  20044
Chicago, IL 60601                       voice: (202) 305-1432
voice: (312) 886-1693                   fax: (202) 616-8470
fax: (312) 886-1718

                                        Attorneys for Defendants